FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 APR -1 PM 2: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division) AT BALTIMORE

CLERK'S OFFICE

BY_____DEPUTY

**JEFFREY B. COHEN**
2419 Long Ridge Rd
Reisterstown, MD 21136

　　　　Plaintiff,

v.                                                                Case No.: GLR 14 CV 1004

**DIANE KRAUSE**
1051 Franklin Ave.
Garden City, NY 11530.

　　　　Defendant.

## COMPLAINT

1. Plaintiff Jeffrey Brian Cohen ("Cohen" or "Plaintiff"), *pro se*, files this Complaint against Defendant Diane Krause ("Krause").

2. In support hereof, Cohen alleges as follows:

## THE PARTIES

3. Plaintiff is an individual who resides at 2419 Long Ridge Rd Reisterstown, MD 21136.

4. Defendant Krause is an individual that maintains a primary place of business at 1051 Franklin Ave. Garden City, NY 11530.

## JURISDICTION

5. All events giving rise to this cause of action occurred in the State of Maryland.

6. This Court has jurisdiction over the above-captioned matter pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship.

7. This Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b) & (b2), because this is a jurisdiction in which a substantial, if not all, of the property, events and omissions giving rise to Cohen's claims occurred, also pursuant to 28 U.S.C. § 1391(c), because this Court has personal jurisdiction over Defendant. In addition, this Court has personal jurisdiction over Defendant, pursuant to MD Code Ann., Cts. & Jud. Proc. § 6-103, because the causes of action arose in this state.

## FACTS

8. This is a defamation action brought by Jeffrey Cohen against an insurance broker, Diane Krause for her utterly false and defamatory statements against Cohen-calling him a crook.

9. Plaintiff is the founder of Indemnity Insurance Corporation, RRG ("IIC"). Through RB Entertainment Ventures, LLC, Plaintiff owns 99% of IIC. Plaintiff is also the founder and owner of several other entities with close affiliation to IIC including but not limited to: IDG Companies, LLC ("IDG"), NI Agency, LLC ("NIA"), The Agency, LLC ("TAL"), K&J Productions, LLC ("KJ") and Insurance Designers of Maryland, Inc. ("IDMD") (collectively, the "Cohen Entities").

10. The Cohen Entities are engaged in the business of sales and/or service of products in various states within the United States.

11. Defendant Krause on information and belief is the Managing Director of the insurance brokerage known as RMS Insurance Brokerage LLC.

### Defamation

12. On Friday March 28, 2014, Krause sent a reply email[1] ("The Email") to Cohen which was in reply to an email sent to Krause by Joe Cartolano ("Cartolano") that referred to an attorney grievance filed by Cohen against Cartolano.

13. The Email specifically included the original email sent by Cohen to Cartolano.

14. The Email makes reference to Cohen and states:

> VERY FUNNY
> SORRY ABOUT THAT
> THE CROOK OBVIOUSLY HAS NOTHING TO DO

15. The Email specifically targets Cohen in an effort to sabotage his financial standing and business relationships, and ruin his career and reputation in the community.

16. Cohen has never met Krause nor had any business dealings with her, yet she portrays Cohen in a negative light.

17. Contrary to known fact, and intending to impose vicious injury, Krause has maliciously accused Cohen of being a "Crook", the most fundamental defamation that can be levied against a businessman.

18. Krause's statement against Cohen is false, malicious, and defamatory per se. The Email contains such an outrageous assertion as to amount to the intentional infliction of emotional distress.

19. Cohen seeks judgment against Krause as set forth in the claims below and the award of compensatory and punitive damages against Krause.

### COUNT I
### (Defamation and Libel per se)

20. Each of the preceding paragraphs are hereby incorporated herein by reference.

---

[1] See Exhibit A

21. The aforementioned written statement by Krause accusing Cohen of being a "Crook" is defamatory per se and injures Cohen in his profession because The Email falsely imputes on Cohen, the assertion that Cohen has been found guilty of a criminal offense, in a manner injurious to the reputation and esteem of Cohen professionally, locally, nationally, and globally.

22. The aforementioned statement proximately caused Cohen damages in the form of injury to his reputation throughout the United States and internationally.

23. The aforementioned statement is false, and was false when made. Krause knew or should have known the statement was false when made.

24. Krause made the aforementioned statement with actual malice and wrongful and willful intent to injure Cohen. The statement was made with reckless disregard for the truth or falsity or with knowledge of the falsity and with wanton and willful disregard of the reputation and rights of Cohen.

25. The aforementioned statement was made of and concerned Cohen, and was so understood by those who read Krause's publication of it.

26. The aforementioned statement may have been widely published throughout the United States and elsewhere.

27. Krause knew or should have known that the statement was injurious to Cohen's career and reputation.

28. As a proximate result of the aforementioned statement and their publication Cohen has suffered and continues to suffer damages in an amount to be determined at trial but not less than the jurisdictional minimum of this Court. The full nature, extent and amount of

these damages is currently unknown, but upon information and belief, discovery will yield additional defamatory statements made by Krause against Cohen.

29. The aforementioned false and defamatory statement was made by Krause with actual malice and either with knowledge of the falsity or in reckless disregard of the truth or falsity of the statement.

30. In making the defamatory statement, Krause acted intentionally, maliciously, willfully and with the intent to injure Cohen, or to benefit Defendant Krause.

31. Krause is liable to Cohen for punitive damages in an amount in accordance with proof at trial.

## COUNT II
### (Intentional infliction of emotional distress)

32. Each of the preceding paragraphs is hereby incorporated herein by reference.

33. Krause's statement that Cohen is a "Crook" occurred intentionally with a desire to harm Cohen.

34. The manner by which Krause sought to harm Cohen, was extreme and outrageous.

35. As a result of the actions of Krause, Cohen has experienced extreme emotional distress.

36. As a result of the actions of Krause, the character and reputation of Cohen was harmed, his standing and reputation among the community was impaired, he will suffer financially, and he has suffered mental anguish and personal humiliation.

37. As a direct and proximate result of the actions of Krause, Cohen has been materially and substantially damaged. Furthermore, the actions of Krause was made intentionally, maliciously, willfully and with the intent to injure Cohen, or to benefit Krause. Accordingly, Krause is liable to Cohen for punitive damages in an amount in accordance with proof at trial.

WHEREFORE, Plaintiff Cohen demands judgment, against Defendant Krause for: (1) compensatory damages in an amount to be proven at trial; (2) punitive damages in an amount to be proven at trial; (3) all costs, interest, attorneys' fees, and disbursement to the highest extent permitted by law; and (4) such other and further relief as this Court may deem just and proper.

**WHEREFORE**, Plaintiff prays for trial by jury and the relief as stated herein.

Date: March 31, 2014

Respectfully submitted,

By: _____

Jeffrey Cohen
Plaintiff Jeffrey Cohen, *pro se*.
2419 Long Ridge Rd
Reisterstown, MD 21136
Tel:   (443) 844-5068
Fax:  (443) 381-0274
jcohen@risk-works.com